620 F.2d 17
 27 Cont.Cas.Fed. (CCH) 80,358
 BRISTOL LABORATORIES DIVISION OF BRISTOL-MYERS COMPANY,
Plaintiff-Appellee,
v.
Elmer B. STAATS, Comptroller General of the United States,
Defendant-Appellant,
and
United States of America, Intervenor-Defendant-Appellant.
 No. 679, Docket 77-6153.
 United States Court of Appeals,
Second Circuit.
 Argued March 10, 1980.
Decided March 25, 1980.
 
 Michael H. Dolinger, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., New York City, Naomi Reice Buchwald, Asst. U. S. Atty., New York City, Harland F. Leathers, Atty., Dept. of Justice, John G. Brosnan, Atty., General Accounting Office, Washington, D. C., of counsel), for appellants Comptroller General of the United States and United States of America.
 Robert L. Sherman, New York City (Weil, Guttman & Davis, New York City, Gilbert H. Weil, New York City, of counsel), for plaintiff-appellee.
 Before FRIENDLY and FEINBERG, Circuit Judges and SIFTON, District judge.*
 PER CURIAM:
 
 
 1
 The United States and Elmer B. Staats, Comptroller General of the United States, appeal from a judgment of the United States District Court for the Southern District of New York, Morris E. Lasker, J., granting the motion of Bristol Laboratories Division of Bristol-Myers Company ("Bristol") for summary judgment and denying the government's cross-motion for summary judgment. During 1973 and 1974, Bristol entered into negotiated fixed-price contracts with the Veterans Administration and with the Defense Supply Agency of the Defense Department; pursuant to 41 U.S.C. § 254(c) and 10 U.S.C. § 2313(b), these contracts contained a clause that granted the Comptroller "access to and the right to examine any directly pertinent" business records "involving transactions related to" the contracts. In 1974, the Comptroller formally requested Bristol to make available all records "directly pertinent" to the contracts. The parties disagreed, however, as to what records were required to be produced; accordingly, Bristol commenced an action for declaratory and injunctive relief in order to limit the Comptroller's access to its records. Judge Lasker held that the government's interpretation of the access-to-records clause incorporated in the contracts was untenable as a matter of both statutory interpretation and contractual construction. This appeal followed.[1] We affirm for the reasons given in Judge Lasker's excellent opinion, reported at 428 F.Supp. 1388 (S.D.N.Y.1977), to which we refer the reader.
 
 
 2
 We would see no reason to say anything further except that in the unusually lengthy period between Judge Lasker's opinion and this appeal, see note 1, supra, there have been two opinions in the United States Court of Appeals for the Seventh Circuit, upon which the government relies heavily, bearing on the scope of the Comptroller's authority to examine records similar to those he seeks here. See United States v. Abbott Laboratories, 597 F.2d 672 (7th Cir. 1979); Eli Lilly & Co. v. Staats, 574 F.2d 904 (7th Cir.), cert. denied, 439 U.S. 959, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978). These cases reject the holding of the court below, but we do not find their reasoning persuasive. We note particularly that not only was there a vigorous dissent in Lilly, see 574 F.2d at 918 (Pell, J., dissenting), but also that the precedential force of that decision has been weakened by the reluctant concurrences of two members of the Abbott panel, see 597 F.2d at 674 (Pell, J., concurring), 675 (Wood, J., concurring). Compare also SmithKline Corp. v. Staats, 483 F.Supp. 712 (E.D.Pa.1980) with Merck & Co., Inc. v. Staats, No. 74-1447 (D.D.C. filed Aug. 12, 1977), appeal docketed, No. 79-1435 (D.C. Cir. Apr. 30, 1979); see generally Case Comment, The Comptroller General's Authority to Examine the Private Business Records of Government Contractors, 92 Harv.L.Rev. 1148 (1979).
 
 
 3
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable CHARLES P. SIFTON of the United States District Court for the Eastern District of New York, sitting by designation
 
 
 [1]
 Both parties filed timely notices of appeal from Judge Lasker's order. Subsequently, a panel of this court remanded the case for consideration of Bristol's request for a protective order without prejudice to prosecution of the appeals. In September 1979, the district court approved a protective order, which had been agreed to by the parties. Only the appeal of the government is before us today